IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE SCHWORCK,

                      Plaintiff,

v.                                                      OPINION and ORDER

CIRCUIT COURT OF DANE COUNTY, THE
HONORABLE CHRIS TAYLOR, PRESIDING              23-cv-288-wmc[1]
JUDGE, AND THE STATE OF WISCONSIN,

                      Respondents.

---

Pro se petitioner Jesse Schworck seeks relief under 28 U.S.C. § 2241, asking this court to release him from custody and direct state officials to dismiss criminal charges pending against him. Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to § 2241 petitions, I must dismiss the petition if it plainly appears that Schworck is not entitled to relief. When screening a pro se litigant's complaint, I construe the complaint generously, accepting the allegations as true and holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I will dismiss this case without prejudice.

ANALYSIS

Jesse Schworck has been charged in Dane County Circuit Court with multiple drug-related crimes, battery, use of a dangerous weapon, and disorderly conduct. *State v. Schworck*,

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

No. 2019CF1228 (Dane Cnty. filed May 30, 2019).[2] Schworck filed a motion to dismiss in the circuit court, arguing that he is immune from prosecution under the First Amendment of the United States Constitution, federal law, and the Wisconsin Constitution because his allegedly criminal activities were all religious observances. The circuit court denied Schworck's motion to dismiss, the Wisconsin Court of Appeals affirmed the circuit court's decision, and Schworck has submitted a petition for review pending with the Wisconsin Supreme Court.

In this court, Schworck contends that the Wisconsin courts erred by denying his motion to dismiss. He asks that this court discharge him from custody and direct the state to dismiss all charges against him. "The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). Because Schworck has been released on bond conditions, he remains in custody for purposes of § 2241(c)(3). *See Justices of Bos. Mun. Court v. Lydon*, 466 U.S. 294, 300–01 (1984).

Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Exceptions to the abstention requirement include speedy trial and double jeopardy claims in circumstances in which immediate federal intervention is necessary to avoid rendering the challenge moot, but only after the petitioner exhausted state court remedies. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009); *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Exceptional circumstances also exist when the pending state court proceeding is motivated by a desire to harass or is conducted in bad faith. *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596-97 (7th Cir. 2007) (citing *Younger*,

---

[2] *See* https://wcca.wicourts.gov.

2

401 U.S. at 49). Relevant here, exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" *Younger*, 401 U.S. at 49 (citing *Douglas v. City of Jeannette*, 319 U.S. 157, 164 (1943)).

Schworck has not raised speedy trial or double jeopardy issues. Nor has he shown that the criminal proceedings in state court are motivated by harassment, bias, or bad faith. Instead, Schworck asks this court to enjoin the ongoing state court proceedings because he firmly believes that he is immune from prosecution under federal and state law. But Schworck has been able to raise this concern at both the circuit court and appellate court levels, and he is currently pursuing this issue before the Wisconsin Supreme Court. Schworck has not shown that he requires this court's intervention to litigate his belief that he is immune from prosecution. Therefore, this court will abstain from deciding the merits of his petition and dismiss it without prejudice.

ORDER

IT IS ORDERED that:

1. Jesse Schworck's petition under 28 U.S.C. § 2241 is DENIED, and this case is dismissed without prejudice.
2. The clerk of court is directed to close this case.

Entered June 6, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge